## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

### COURT FILE NO.: CV - _____

-------------------------------------------------

WILLIAM JOHNSON

              Plaintiff,

   -against-

ZENITH FINANCIAL NETWORK, INC.

              Defendant.

-------------------------------------------------

# COMPLAINT

For this complaint, the Plaintiff William Johnson by her attorney, Mikhail Usher, Esq., states as follows:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue and personal jurisdiction are proper in this District because a substantial part of the events and omissions giving rise to the claim occurred within this District.

      A.    Defendant's collection communications were received by Plaintiff in this district;

      B.    Defendant does or transacts business in this district.

## PARTIES

4. Plaintiff is a natural person who resides in Paterson, New Jersey.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) since she is a natural person allegedly obligated to pay a debt.

6. Defendant, ZENITH FINANCIAL NETWORK, INC. (hereinafter "ZFN") is a corporation chartered under the laws of the state of Florida, with their corporate headquarters located at 1489 W. Palmeto Park Rd., Suite 360, Boca Raton, FL 33486-3302.

7. Defendant operates as a collection agency and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant repeatedly contacted Plaintiff in attempts to collect a debt.

9. Does 1-10 (the "Collectors") are individual collectors employed by ZFN and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined once their identities are disclosed through discovery.

10. ZFN at all times acted by and through one or more of its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, insurers and collectors.

## FACTUAL ALLEGATIONS

### A. ZFN Engages in Harassment and Abusive Tactics

11.    At a time unknown to the Plaintiff, a personal debt was allegedly incurred by

the Plaintiff's for some past due Pay Day Loan, thus arising out of

transactions that were primarily for personal, family and household

purposes.

12.    At a time unknown to the Plaintiff, the aforementioned debt was consigned,

placed or otherwise transferred to Defendant for collection.

13.    Sometime in or around June of 2013, Defendant commenced collection

activities against Plaintiff and proceeded to repeatedly call Plaintiff in an

effort to collect a personal obligation alleged to be due by Plaintiff.

14.    After the Defendant's initial telephonic communication with the Plaintiff a

validation notice was never sent to Plaintiff by Defendant, but rather

continuous and harassing telephone calls persisted.

15.    Defendant persisted in repeatedly and continuously calling Plaintiff on his

home and cellular telephones at a time and place that was inconvenient for

Plaintiff.

16.    Defendant called Plaintiff during working hours on his cellular telephone

after being repeatedly informed by the Plaintiff that he could not speak at

that time due to being at her place of employment.

17. Defendant called repeatedly at a frequency of once and even twice daily approximately four times a week for three months.

18. On September 23rd, 2013 Defendant Faxed a collection notice to Plaintiff's place of employment which several of his coworkers viewed. The publication of Plaintiff's debt to his coworkers caused Plaintiff great embarrassment and shame. **(Letter herein attached as Exhibit 1).**

19. The aforementioned letter which was sent via facsimile to Plaintiff's place of employment was the only correspondence that the Plaintiff ever received from Defendant and that letter on its face fails to comply with the thirty day notice requirements of the Fair Debt Collection Practice Act 15 U.S.C. § 1692g.

20. During each telephone conversation with the Plaintiff, the Defendant proceeded to threaten the Plaintiff with legal action and garnishment of wages. Specifically the Defendant threatened to serve Plaintiff with "papers" at his job and at his home and to have his bank account instantly frozen should he fail to make a payment.

21. Defendant continued to make harassing phone calls to Plaintiff without meaningfully identifying the caller or the name of the company.

22. After finally identifying the company from which Defendant by and through their agents were calling, they refused to identify the location of the company and then finally admitted that their company was headquartered in

Patterson, New Jersey. By information and belief this was a false statement and ZFN is actually domiciled in Boca Raton, Florida.

23.   Defendant has failed to identify themselves as a debt collector in all communications with the Plaintiff.

24.   Throughout all telephone calls placed to Plaintiff by Defendant, Defendant has failed to *"that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose,"* in violation of 15 U.S.C. § 1692 e (11).

25.   Plaintiff asked on numerous occasions to be sent correspondence to his home, while Defendant continued to insist that either the correspondence was already sent or that they "will send it." While it is true that correspondence was sent to Plaintiff by Defendant in regards to his debt, it was sent through facsimile to his job many months and many harassing phone calls after Plaintiff's initial request for correspondence was made.

## B. Plaintiff suffered Actual Damages

26.   The Plaintiff has suffered and continues to suffer actual damages as result of the Defendant's unlawful conduct.

27.   As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continuous to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.

28.   Defendant's conduct violated the FDCPA in multiples ways, including but

not limited to, the following:

A. Contacting third parties in violation of 15 U.S.C. § 1692 (b).

B. Contacting the Plaintiff at a place and during a time known to be

inconvenient for the plaintiff in violation of 15 U.S.C. § 1692 c (a)(1).

C. Contacting the Plaintiff when the Defendant was put on notice to

cease and desist from contacting the plaintiff in violations of 15 U.S.C.

§ 1692(c).

D. Engaging in conduct the natural consequences of which is to harass,

oppress or abuse Plaintiff in connection with the debt plaintiff does not

owe in violation of 15 U.S.C. § 1692 (d).

E. Failing to warn Plaintiff that the debt collector is attempting to

collect a debt and that any information obtained will be used for that

purpose, in violation of 15 U.S.C. § 1692e(11).

F. Using unfair or unconscionable means to collect or attempt to collect

any debt, in violation of 15 U.S.C. § 1692 (f).

G. Misrepresenting the amount of debt in violation of 15 U.S.C. §

1692(e)(2);

H. Collecting amount not authorized by agreement or expressly not permitted by law in violation of 15 U.S.C. § 1692(f)(1).

I. Failing to send Plaintiff a validation notice within five days of the initial communication in violation of 15 U.S.C. § 1692(g).

J. By causing the phone to ring and engaging Plaintiff in telephone conversations repeatedly in violation of 15 U.S.C. § 1692(d)(5).

## TRIAL BY JURY

29.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Dated: October 8th, 2013

Respectfully submitted,

Mikhail Usher, Esq.
SMOTRITSKY LAW GROUP, PLLC.
Attorneys for Plaintiff
2080 Coney Island Avenue
Brooklyn, New York 11223
Telephone:  (718) 554-3630
Facsimile: (718) 679-9196
SRLAWFIRM@GMAIL.COM